## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA SOFTLEY** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **WALMART CLAIMS SERVICE, INC.** | * | **MAGISTRATE** |
| **AND XYZ INSURANCE COMPANY** | * | |
| | * | **JURY TRIAL** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO:    The Honorable Judges
       of the United States District Court
       for the Eastern District of Louisiana

Defendant, **Wal-Mart Louisiana, LLC**, hereinafter referred to as **"Walmart"**, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 24ᵗʰ Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.     Plaintiff filed her Petition for Damages on August 3, 2021, against Walmart Claims Service, Inc., an improperly named defendant. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A.")

2.     Walmart Claims Service, Inc. was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on August 12, 2021.   (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B.")

3.     At Walmart's request, Plaintiff filed an Amended and Supplemental Petition for Damages on August 23, 2021, correcting the name of the proper Walmart entity defendant. (*See* Plaintiff's First Amended and Supplemental Petition for Damages, attached hereto and marked for

identification as Exhibit "C.")

4.    Plaintiff's suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located at 5110 Jefferson Hwy., Harahan, Louisiana, on August 5, 2020.

5.    Plaintiff's Petition for Damages is silent as to the amount in controversy and fails to provide any information regarding the plaintiff's injuries or the extent of her treatment.

6.    On June 25, 2021, before filing suit, Plaintiff's counsel submitted a settlement demand on behalf of Ms. Davenport to Walmart Claims Services, Inc., Walmart's third-party claims administrator, in the amount of $500,000.00, inclusive of past medical specials of $10,781.00 and future medical specials for right rotator cuff repair and debridement surgery estimated by her treating orthopedic surgeon to cost at $9,200.94, not inclusive of surgical facility fees.   (*See* plaintiff counsel's settlement demand attached hereto and marked for identification as Exhibit "D," and estimate from LA Orthopaedic & Spine Institute attached hereto and marked for identification as Exhibit "E,")

7.    Plaintiff's demand letter claims that the plaintiff sustained injuries which include but are not limited to her left wrist, neck, right shoulder, low back, and right leg.   The more serious injury being a recurrent right rotator cuff tear that will necessitate surgery.

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

8.    28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

**A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

9.     The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

10.     Plaintiff submitted a settlement demand in the amount of $500,000.00, inclusive of past medical specials of $10,781.00 and future medical specials of at least $9,200.94.

11.     Plaintiff's demand letter claims that the plaintiff sustained injuries which include but are not limited to her left wrist, neck, right shoulder, low back, and right leg, and that she is in need of right rotator cuff repair surgery.

12.     Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

13.     While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.     <u>COMPLETE DIVERSITY</u>**

14.     Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in

Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership with its principal place of business in Bentonville, Arkansas.  The sole member of Wal-Mart Stores East, LP is its parent company Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.  No publicly traded entities hold 10% or more of the outstanding shares of Walmart Inc.

15.    Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

16.    Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant.

17.    This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by Plaintiff counsel's pre-suit demand, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.    <u>WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.</u>

18.    Walmart Claims Service, Inc. was served with the Petition through its agent for service of process, CT Corporation Systems, on August 12, 2021.

19.    Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy. However, before filing suit Plaintiff's counsel submitted a settlement demand in the amount of $500,000.00, inclusive of past medical specials.

4

20.     This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of a copy of the initial pleading setting forth the claim or relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

22.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

23.     The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

24.     No previous application has been made by Walmart in this case for the relief requested herein.

25.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A", and a copy of Plaintiff's First Amended and Supplemental Petition for Damages, is attached hereto as Exhibit "C." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiffs, and a copy is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

26.     Petitioner, **Wal-Mart Louisiana, LLC**, desires and is entitled to **trial by jury** of all issues herein

WHEREFORE, defendant **Wal-Mart Louisiana, LLC,** hereby removes this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of the

United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Isidro Rene DeRojas*
**SIDNEY J. HARDY, No. 1938**
**ISIDRO RENÉ DEROJAS, No. 18182**
**CHRISTOPHER JAMES-LOMAX, No. 37174**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492
Email: ird@mcsalaw.com
*ATTORNEYS FOR DEFENDANT WALMART INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☐ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☒ by United States mail, properly addressed and postage prepaid, on this 9th day of August, 2021.

*/s/ Isidro Rene DeRojas*
ISIDRO RENE DEROJAS